**WO**                    NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Bell,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>VF Jeanswear LP, *et al.*,<br><br>　　　　　　Defendants. | No. CV-14-01916-PHX-JJT<br><br>**ORDER** |

At issue is the parties' Joint Summary of Discovery Dispute (Doc. 90). On December 2, 2015, the Court ordered Defendant VF Jeanswear LP to provide "unredacted copies of all of the documents at issue for which Defendant claims attorney-client privilege to the Court for *in camera* review." (Doc. 91, Order.) On December 3, 2015, Defendant delivered to chambers three unredacted e-mail messages corresponding with the redacted versions it had previously disclosed to Plaintiff. The Court has reviewed the three unredacted messages and concludes that the redacted portions of two of the messages—those dated January 27, 2014 (from Sam Tucker to Fran Mellette) and January 15, 2014 (from Allen Montgomery to Ms. Mellette) contain privileged attorney-client communications; in other words, it is clear from the substance of the communications and surrounding circumstances that Messrs. Montgomery and Tucker were communicating with Ms. Mellette in her capacity as an attorney for the purpose of seeking legal advice in those two messages. The unredacted portions of those two messages shall not be disclosed.

1    In the remaining message, dated February 26, 2014 from Ms. Mellette to
2 Mr. Montgomery and to Kaye McHone, the Court finds that Defendant has not met the
3 burden of demonstrating that the redacted portion of the e-mail was either a
4 communication for the purpose of delivering legal advice, a message attendant thereto, or
5 a communication that would reveal the thought processes of Ms. Mellette acting in the
6 capacity of an attorney for the purposes of constituting attorney work product. The Court
7 concludes that this last redacted communication is far more likely made in Ms. Mellette's
8 capacity as Director of Human Resources. Defendant shall produce the unredacted
9 version of this message to Plaintiff within 48 hours of entry of this Order.

10   The Court further notes that, upon review, neither the privileged nor the
11 unprivileged communications it reviewed, even if they all were disclosed, would be likely
12 to have any effect, material or otherwise, on the outcome of this litigation. Nonetheless, it
13 understands that Plaintiff's counsel, not knowing what is "behind the curtain," seeks in
14 good faith to uncover information that might reasonably be helpful to their client's cause,
15 and likewise, Defendant's counsel seeks to uphold a privilege out of a concern that to do
16 otherwise might result in being deemed to have waived it in blanket fashion, with
17 unintended consequences.

18   Finally, during the pendency of the Court's review of the materials at issue,
19 Plaintiff file its Response to the Court's December 2, 2015 Order, in which Plaintiff
20 suggested that

21 > "…documents at issue" be deemed to include ***all*** documents of any kind
22 > (memos, letters, emails, *etc.*) to or from HR VP Fran Mellette which would
> be responsive to Plaintiff's various Requests for Production, including both
23 > those which were provided to Plaintiff in redacted form and those which
> were completely withheld under some unannounced claim of privilege and
24 > not described to Plaintiff.

25 (Doc. 92 at 1)(emphasis in original). To this suggestion, the Court responds first that its
26 December 2, 2015 Order was clear that Defendant would produce "unredacted copies of
27 all of the documents at issue for which Defendant claims attorney-client privilege to the
28 Court for *in camera* review." (Doc. 91, Order.) In the Court's view, all means all. It

assumes Defendant has complied with the Order and that there are no other undisclosed documents in Defendant's possession 1) that would be responsive to either Defendant's affirmative discovery obligations or to Plaintiff's discovery requests and 2) for which Defendant claims privilege. In short, there should not be anything else out there belonging to this category that has not yet been submitted to the Court for its review. If that is not the case, the parties shall advise the Court immediately.

That said, discovery in this matter closed on November 6, 2015. Dispositive motions have been filed and responded to in this matter already. It is therefore unclear why discovery issues are being raised, and potentially expanded, at this juncture, when the Court advised the parties at the outset of this case that "it will strictly enforce the deadlines set forth in this Rule 16 Scheduling Order." (Doc. 35 at 1.) The purpose of the Scheduling Order and deadlines set within it is to move the case forward toward resolution, both for the sake of the parties, who need and deserve repose in the matter, and for the Court, whose scarce resources cannot be interminably bound up in revisiting discovery issues after discovery has ended. In short, if there were discovery issues between the parties, the parties should have raised them while they were still in the discovery phase, and the Court is not inclined to entertain further discovery disputes at this late date.

IT IS ORDERED that Defendant shall produce to Plaintiff within 48 hours of entry of this Order the unredacted version of the February 26, 2014 e-mail from Fran Mellette to Allen Montgomery and Kaye McHone.

Dated this 10th day of December, 2015.

Honorable John J. Tuchi
United States District Judge