**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Bell,<br><br>               Plaintiff,<br><br>v.<br><br>VF Jeanswear LP, *et al.*,<br><br>               Defendants. | No. CV-14-01916-PHX-JJT<br><br>**ORDER** |

At issue are Plaintiff's Motion Under FRCP 52(b) to Amend Findings, Conclusions, and Judgment (Doc. 254), to which Defendant filed a Response (Doc. 265) and Plaintiff filed a Reply (Doc. 267); Defendant's Motion to Alter or Amend Judgment (Doc. 255), to which Plaintiff filed a Response (Doc. 269) and Defendant filed a Reply (Doc. 271); and Defendant's Motion for Judgment as a Matter of Law Pursuant to Rules 50 and 59 (Doc. 257), to which Plaintiff filed a Response (Doc. 270) and Defendant filed a Reply (Doc. 272). The Court resolves these Motions without oral argument. *See* LRCiv 7.2(f).

After a trial from March 21 to 31, 2017, a jury found that Defendant violated Title VII by discriminating against Plaintiff, its former employee, on the basis of sex. (Doc. 204.) The jury found that Defendant's actions did not violate the Equal Pay Act or the Arizona Wage Act. (Doc. 204.)

The Court then held a three-day evidentiary hearing between May 4 and 11, 2017, after which the Court entered an Order setting forth its findings of fact and conclusions as to Plaintiff's equitable damages for Defendant's violation of Title VII. (Doc. 243, Damages Order.) The Court also limited the $528,000 jury award of compensatory and punitive

damages to $300,000, as provided by 42 U.S.C. § 1982a(b)(3). In sum, the Court determined that Plaintiff was entitled to $300,000 in compensatory and punitive damages and $206,928.06 in equitable damages.

The parties have filed various Motions to express their disagreement with the Court's findings and conclusions in the Damages Order and with regard to punitive damages at trial. The Court has reviewed the record and the submissions of the parties and now addresses the Motions in turn.

**I.　Plaintiff's Rule 52(b) Motion**

Under Rule[1] 52(b), Plaintiff asks that the Court amend certain of its findings in the Damages Order. Plaintiff first argues that the Court erred in finding that Plaintiff's entitlement to back pay terminated on August 31, 2015, because Defendant's evidence was not sufficient to show that Plaintiff could obtain a suitable position after August 2015. The Court disagrees. As the Court already pointed out in the Damages Order, "a job in sales of other apparel and accessory items, whether specialty or general, is not so different in character that Plaintiff's initial lack of intimate familiarity with the product line or industry could be said to affect her opportunities." (Damages Order at 14.) "The law does not allow Plaintiff to redefine what is substantially equivalent employment such that it eliminates all other possible employment." (Damages Order at 14.)

In its present Motion, Plaintiff has presented nothing new, and it should thus come as no surprise to Plaintiff that the Court's findings remain the same now. Moreover, as the Court also noted in the Damages Order, Plaintiff failed to make a reasonable effort to mitigate her damages after February 28, 2014—making only "*post hoc* attempts to create the appearance of diligence" (Damages Order at 16)—and Plaintiff was thus not entitled to back pay for the period in which Defendant showed that substantially equivalent job opportunities existed, that is, from August 31, 2015 on (Damages Order at 14-15). The Court finds no error in its prior findings and conclusions.

---

[1] Unless otherwise indicated in this Order, "Rule" refers to the Federal Rules of Civil Procedure.

- 2 -

Plaintiff next argues that the Court should adjust Plaintiff's compensation amount to match that earned by a male who obtained a position she was denied. As the Court has already stated on several occasions in these proceedings, the issue of Plaintiff's compensation as compared to a similarly situated male was presented to the jury in the form of Plaintiff's Equal Pay Act and Arizona Wage Act claims, both of which the jury rejected. The jury expressly found that the differences in pay between Plaintiff and male counterparts "resulted from one or more factors other than sex." (Doc. 204 at 4.) Plaintiff has not demonstrated that, ignoring gender, she would have earned the same amount as a particular male who obtained the position she was denied. Once again, this is a subject on which the Court has already expressed its conclusion, and Plaintiff presents nothing new to convince the Court to change its conclusion. The Court will thus deny Plaintiff's Rule 52(b) Motion (Doc. 254).

**II.     Defendant's Rule 59(e) Motion**

Defendant asks the Court to alter the Judgment under Rule 59(e) by reconsidering the conclusion that Plaintiff is entitled to back pay even though she resigned from her job after Defendant's discriminatory employment action. In their briefs related to Defendant's Rule 59(e) Motion, the parties renew arguments they have already made to the Court in at least 14 prior briefs, (*see* Damages Order at 1 (enumerating briefs)), and which the Court already addressed in detail, (*e.g.*, Damages Order at 2-6). Defendant presents no new argument to the Court and should be unsurprised that the Court declines to change its prior conclusion. The Court will thus deny Defendant's Rule 59(e) Motion (Doc. 255).

**III.    Defendant's Rules 50 and 59 Motion**

Defendant next argues it is entitled to judgment as a matter of law under Rule 50 or a new trial under Rule 59 on the issue of punitive damages. Specifically, Defendant argues (1) the trial record contains insufficient evidence that Defendant's conduct was willful, egregious, or recklessly indifferent, as required for a punitive damages award; (2) the jury's punitive damages award of $500,000, as compared to the compensatory damages award of $28,000, is excessive and disproportionate, even though the Court reduced the award to the

statutory cap; and (3) the Court improperly admitted testimony regarding two former employees of Defendant and excluded evidence of Defendant's anti-harassment policy.

Rule 50(a) provides that after a party has been fully heard on an issue at trial, the court may grant a motion for judgment as a matter of law against that party only if it finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Rule 59(a) provides that the court may "grant a new trial on some of the issues . . . for any reason for which new trial has heretofore been granted." Upon review of the record of trial in this case, it is clear to the Court that the evidence presented provided a legally sufficient basis from which a reasonable jury could find for Plaintiff on the issue of punitive damages, and the Court finds no harmful error in its evidentiary rulings.

To begin with, the Court agrees with Plaintiff that the evidence presented to the jury was sufficient for the jury to award punitive damages. Jury Instruction No. 23—which Defendant does not challenge—stated the following to the jury:

> You may award punitive damages only if you find that the Defendant's conduct that harmed the Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the Plaintiff.
>
> If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct.

(Doc. 197 at 26.)

The jury heard evidence that Plaintiff's performance evaluations were good and that the reason for Defendant gave for demoting her—that she was weak on sales data analysis—was pretextual, especially considering that two male counterparts who also lacked the ability to do advanced sales data analysis were not demoted. The evidence

showed that company and human resources managers in charge of operating Defendant's organization decided to demote Plaintiff on the basis of sex even though those managers had anti-discrimination training and were aware of the organization's anti-discrimination policies. (*E.g.*, Trial Tr. 918:9-16; 1469:15-24.) Accordingly, the evidence reasonably permits the conclusion that Defendant acted "in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law"—the standard for the jury to find reckless indifference. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999); *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1198-99 (9th Cir. 2002).

The jury also received evidence that Defendant was dismissive of Plaintiff's discrimination complaints without further investigation, including that Plaintiff's manager stated there was no room for discussion and the demotion was a done deal and a Vice-President of Human Resources said he had no reason to oppose the demotion. (*E.g.*, Trial Exs. 7, 259; Trial Tr. 338:22-339:1.) Punitive damages may be appropriate against an employer that is dismissive to the employee's discrimination complaints and does not actually investigate the complaints. *Arizona v. ASARCO LLC*, 773 F.3d 1050, 1059 (9th Cir. 2014). In view of this and other evidence, Defendant is not entitled to judgment as a matter of law or a new trial on the issue of punitive damages.

Defendant also contends that the jury's punitive damages award was excessive and disproportionate to the compensatory damages award. As both parties recognize, Ninth Circuit case law—which this Court must follow—provides that the guideposts the Supreme Court laid out in *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996), for evaluating the constitutionality of a punitive damages award amount do not apply with rigor to awards for Title VII claims; in other words, awards under 42 U.S.C. § 1981a—for cases of intentional discrimination in employment—"comport with due process." *ASARCO*, 773 F.3d at 1055-56. As such, the Court declines to disturb the jury verdict as to the punitive damages amount in this case.

Defendant next argues that the Court committed prejudicial error by admitting testimony regarding two other employees of Defendant, Pena and Clegg, because they were

1   not sufficiently similarly situated to Plaintiff but Plaintiff was nonetheless able to compare
2   Defendant's conduct toward her to that toward Pena and Clegg. With regard to Pena,
3   another female executive of Defendant, it was Defendant that asked the Court for leave to
4   include her on a chart of individuals who held the same position as Plaintiff. The Court
5   agrees with Plaintiff that, by asking to include Pena on a chart shown to the jury, Defendant
6   opened the door for Plaintiff to elicit testimony regarding Pena's sex discrimination claim
7   against Defendant and her termination. Under the "'opening the door' doctrine, the
8   introduction of inadmissible evidence by one party allows an opponent, in the court's
9   discretion, to introduce evidence on the same issue to rebut any false impression that might
10  have resulted from the earlier admission." *U.S. v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir.
11  1988). To the extent Defendant believes it was prejudiced by testimony that Pena was
12  terminated but not why, the proposed testimony—the facts behind Pena's termination—
13  was too far afield from the issues the parties were addressing, including that Pena was the
14  only executive of Defendant that was fired and she is a woman. Applying Federal Rule of
15  Evidence 403, the Court may exclude relevant evidence if its probative value is
16  "substantially outweighed by a danger of . . . confusing the issues, misleading the jury, [or]
17  wasting time." The Court appropriately limited the evidence related to Pena after
18  Defendant opened the door to testimony about her. Moreover, any prejudice to Defendant
19  with regard to Plaintiff's punitive damages claim—at issue here—resulting from the
20  testimony regarding Pena was at most minimal.
21      With regard to Clegg, a male executive that was terminated for falsifying expense
22  reports but whose departure Defendant treated as a retirement, Defendant once again
23  opened the door by including Clegg on charts of individuals who held the same position as
24  Plaintiff. The testimony regarding Clegg was appropriately limited to his departure, and
25  Defendant was not unduly prejudiced by the testimony or counsel for Plaintiff's reference
26  to it, which was minimal.
27      Finally, Defendant contends the Court erred in not admitting Defendant's anti-
28  harassment policy and limiting testimony regarding Plaintiff's prior internal complaint, in

2008, of sexual harassment against a former supervisor. Like most of the issues the Court addresses in this Order, the Court already heard argument on these issues before making its rulings, and Defendant presents nothing new in its present Motion. This case concerned discrimination by way of demotion, not sexual harassment, so Defendant's anti-harassment policy had at best marginal probative value. The Court did permit Defendant to testify as to its responses to harassment complaints. But the Court did not permit Defendant to dive into the merits of Plaintiff's 2008 sexual harassment complaint because it was not related to the same individual, it was sexual harassment and not discrimination by demotion, and the parties' positions regarding Plaintiff's credibility, or lack thereof, in bringing her 2008 complaint would have required extensive testimony wholly unrelated to the facts and issues in this case. In balancing the Federal Rule of Evidence 403 factors, the Court properly excluded testimony regarding Plaintiff's 2008 sexual harassment complaint.[2] *See Duran v. City of Maywood*, 221 F.3d 1127, 1130-33 (9th Cir. 2000) (noting evidence of marginally probative value that would require a trial within a trial and result in undue delay was properly excluded under Federal Rule of Evidence 403). For all these reasons, the Court will deny Defendant's Rules 50 and 59 Motion (Doc. 257).

IT IS THEREFORE ORDERED denying Plaintiff's Motion Under FRCP 52(b) to Amend Findings, Conclusions, and Judgment (Doc. 254).

IT IS FURTHER ORDERED denying Defendant's Motion to Alter or Amend Judgment (Doc. 255).

IT IS FURTHER ORDERED denying Defendant's Motion for Judgment as a Matter of Law Pursuant to Rules 50 and 59 (Doc. 257).

Dated this 28TH day of January, 2019.

Honorable John J. Tuchi
United States District Judge

---

[2] To the extent Defendant tangentially argues that the Court erred in allowing testimony about individuals employed in Retail Space Management ("RSM"), where Plaintiff used to work, Defendant demonstrates no prejudice from this testimony.